NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3065


PATRICIA K. ZELENKA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Myrrel C. Hendricks, Jr., Gebhardt & Associates, LLP, of Washington, DC, argued for petitioner.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3065

PATRICIA K. ZELENKA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH831M070316-B-1

_____

DECIDED:  January 13, 2010

_____

Before RADER and MOORE, Circuit Judges, and WILKEN,[*] District Judge.

WILKEN, District Judge.

Patricia K. Zelenka appeals a final decision of the Merit Systems Protection Board (MSPB), which concluded that she was not entitled to a waiver of her debt to the government arising out of overpayment of disability retirement benefits.  The MSPB concluded that Zelenka failed to demonstrate that her "ordinary and necessary" expenses were greater than her income.  Zelenka argues that the MSPB's decision to exclude certain vehicle and veterinary expenses from the calculation of ordinary and necessary expenses was arbitrary and capricious and not supported by substantial evidence.  We conclude that the Board's decision to exclude certain vehicle expenses

_____

[*]        Honorable Claudia Wilken, District Judge, United States District Court for the Northern District of California, sitting by designation.

was not supported by substantial evidence, and therefore that Zelenka's ordinary and necessarily living expenses are greater than her income and she is entitled to waiver of her debt. We need not reach the issue of veterinary expenses. Accordingly, we reverse the Board's decision.

## BACKGROUND

Patricia Zelenka retired on disability from her position as a distribution clerk for the United States Postal Service (USPS) in January, 1991, due to a spinal injury. Zelenka was granted disability benefits until she was restored to "earning capacity," which would occur when she earned eighty percent or more of the current value of her salary at the time that she retired. 5 U.S.C. § 8337(d). She filed annual statements of income with Office of Personnel Management (OPM).

In 1994, Zelenka earned an associate's degree in nursing and became a Trauma Nurse Coordinator at the Sinai Hospital in Baltimore, Maryland. It appears that she is presently working in this position. Over the years, her salary increased. In 2001, her salary reached eighty percent of the current value of her USPS salary at the time that she retired. Thus, her annuity should have terminated effective June 30, 2002.[1] However, Zelenka continued to receive disability retirement benefits after this date. Five or six times between 2001 and 2006, Zelenka called OPM to inquire about whether her income disqualified her from receiving benefits. Each time, she was told that OPM would notify her if her benefits should be terminated and that she should not take any action.

---

[1] When a disability retirement annuity is terminated because of restoration to earning capacity, payments will cease on June 30 of the year following restoration. 5 C.F.R. § 831.1209(a).

In June, 2006, the OPM notified Zelenka that she had been overpaid $45,341.22 for the period between July 1, 2002 and June 30, 2006. In November, 2006, Zelenka requested a reconsideration of the OPM's determination. She argued that her debt should be waived because repaying it would constitute a financial hardship. OPM denied her request and she appealed to the MSPB in March, 2007. The administrative judge for the MSPB found that Zelenka did not demonstrate by substantial evidence that repayment would cause her a financial hardship because her monthly income exceeded her ordinary and necessary monthly expenses.

With respect to her automobile expenses, the judge concluded:

The appellant requested $607.00 for monthly expenses for her two cars, excluding automobile insurance. I have allowed $305.00 for gas expenses, as the appellant's home is a long commute to her workplace. I have allowed car expenses for regular maintenance, oil changes three times per year, registration and emissions testing, amounting to $387.00 per year, for a monthly expense of $32.25. Car repairs do not occur every year and not in the same amount. Speculative expenses such as future car repairs cannot be counted.[2]

Zelenka listed $166 in monthly cat care expenses but the judge only included $20 for cat medication and $60 for cat food and litter in the expenses calculation.

The judge concluded that, based on updated financial information, Zelenka's monthly income ($6,841) exceeded her monthly expenses ($6,410) by $431 and, therefore, she would be able to repay her $45,341.22 debt to the government.

Zelenka filed a petition for review to the full board of the MSPB, claiming various errors by the judge, including errors calculating vehicle and pet expenses. The Board corrected a few other calculation errors, but did not address Zelenka's vehicle or pet expenses in any detail. The Board concluded that Zelenka was not entitled to a waiver

---

[2] Later in the Order, the judge summarized her monthly "transportation expenses" to be $340. The judge presumably rounded $32.35 up to $35.

of her debt to the government because her newly calculated income of $6,800 per month exceeded by $195 her newly calculated ordinary and necessary expenses of $6,605 per month. Zelenka appeals this final decision of the MSPB.

## STANDARDS OF REVIEW

We have limited scope when reviewing a decision of the Board. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## DISCUSSION

The applicable waiver provision states, in relevant part: "Recovery of payments under this subchapter may not be made from an individual when, in the judgment of the Office of Personnel Management, the individual is without fault and recovery would be against equity and good conscience." 5 U.S.C. § 8346(b). The burden is on Zelenka, as the recipient of an overpayment, to "establish by substantial evidence that []she is eligible for waiver or an adjustment." 5 C.F.R. § 831.1407(b).

The Board has already determined that Zelenka does not bear any fault for the overpayment. Thus, the focus of this case is whether recovery of the overpayment would be against "equity and good conscience," that is, if it "would cause financial hardship to the person from whom it is sought." 5 C.F.R. § 831.1403(a)(1). "Financial hardship may be deemed to exist in -- but not limited to -- those situations where the annuitant from whom collection is sought needs substantially all of his/her current income and liquid assets to meet current ordinary and necessary living expenses and

liability." 5 C.F.R. § 831.1404. OPM's regulations specify that "ordinary and necessary living expenses include rent, mortgage payments, utilities, maintenance, transportation, food, clothing, insurance (life, health, and accident), taxes, installment payments, medical expenses, support expenses for which the annuitant is legally responsible, and other miscellaneous expenses that the individual can establish are ordinary and necessary." 5 C.F.R. § 845.305. "In determining whether living expenses are 'ordinary and necessary,' the Board applies a reasonable person test regardless of the annuitant's accustomed standard of living, taking into account the discrete circumstances particular to individual situations." Stewart v. Office of Pers. Mgmt. 102 M.S.P.R. 272, 276 (2006); see Gulan v. Office of Pers. Mgmt., 86 M.S.P.R. 16, 22-23 (2000). "In determining whether an expense is ordinary and necessary, the Board gives the appellant the benefit of the doubt unless the expense clearly constitutes an extravagance or a luxury." Gott v. Office of Pers. Mgmt., 97 M.S.P.R. 538, 542 (2004).

A.    Vehicle-Related Expenses

Zelenka shows that, in 2007, her vehicle repair expenses were $2,973.74 ($247.81 per month) and her vehicle maintenance expenses were $614.00 ($51.17 per month). In 2006, her vehicle repair expenses were $1,859 ($154.92 per month) and her vehicle maintenance expenses were $1019 ($84.92 per month). The Board concluded that none of her repair costs and only $35 per month of her auto maintenance costs were ordinary and necessary expenses. It stated that "car repairs do not occur every year and not in the same amount. Speculative expenses such as future car repairs cannot be counted." We conclude that this aspect of the Board's decision is not

supported by substantial evidence.

The government relies on Fusco v. Office of Pers. Mgmt., 42 M.S.P.R. 501, 509 (1996). In that case, the Board stated, "To substantiate anticipated changes in expenses or income during the recovery period, the appellant should submit an affidavit and/or other evidence, e.g., a written repair estimate, to support the nature of the change, the extent of the change, and any other relevant factors." The present case is distinguishable because Zelenka is not asking the Board to consider an "anticipated change" in her vehicle repair and maintenance expenses. Rather, she simply requests that the Board determine that her past vehicle repair and maintenance expenses were "ordinary and necessary," are likely to recur in similar amounts or more, and should be included in her annual expenses calculation.

The Board did not conclude that Zelenka failed adequately to document her vehicle expenses for 2006 and 2007. Considering that the two vehicles Zelenka and her husband own are over thirteen and fifteen years old respectively, that they have needed substantial repair and maintenance in the immediate past, and that Zelenka is required to make a long commute by car to earn the income that she does, the Board's conclusion that future vehicle repair and maintenance expenses would be speculative is not supported by substantial evidence. Moreover, Zelenka should be given the benefit of the doubt that she will incur these vehicle repair and maintenance expenses because they are not an "extravagance or a luxury." See Gott, 97 M.S.P.R. at 542.

In sum, we conclude that the Board's decision to exclude Zelenka's vehicle repair and maintenance expenses from its calculation of her monthly expenses was not supported by substantial evidence. Once recalculated to include these expenses,

Zelenka's overall monthly expenses exceed her monthly income. As noted above, her monthly income is $6,800, and her monthly costs before the recalculation were $6,605. Including vehicle repair and maintenance costs in the same amount as incurred in 2007, her monthly costs are increased by $263.98[3] to $6,868.98. Including these costs in the same amount as incurred in 2006, her monthly costs are increased by $204.84[4] to $6,809.84. Under either calculation, Zelenka cannot afford to repay her debt to the government. Therefore, the Court need not reach the issue of whether the Board erred in calculating Zelenka's veterinary expenses.

## ORDER

Accordingly, we find that Zelenka is entitled to a waiver of recovery of the overpayment on the grounds of financial hardship. Therefore, we reverse the Board's decision.

---

[3] The figure $263.98 is the sum of Zelenka's monthly vehicle maintenance expenses not allowed by the Board, $16.17, and her monthly vehicle repair expenses, $247.81 in 2007.

[4] The figure $204.84 is the sum of Zelenka's monthly vehicle maintenance expenses not allowed by the Board, $49.92, and her monthly vehicle repair expenses, $154.92 in 2006.