**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HEATHER A. MELTON,<br>    Appellant, | DOCKET NUMBER<br>CH-0752-09-0448-M-1 |
|         v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: April 21, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Heather A. Melton, Clarksville, Tennessee, pro se.

Patrick Sweeney and Katherine E. Griffis, Esquire, Fort Campbell, Kentucky, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her petition for enforcement as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        In March 2009, the appellant filed an appeal challenging the agency's decision to place her on indefinite suspension for failing to maintain a security clearance.  *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-I-1, Initial Appeal File (IAF), Tab 1.  The administrative judge twice dismissed the appeal without prejudice for refiling at a later date.  IAF, Tab 5, Initial Decision; *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-I-2, Appeal File, Tab 8, Initial Decision.  Ultimately, the parties reached a settlement agreement and entered the agreement into the record for enforcement, and the administrative judge dismissed the appellant's appeal as settled.  *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-I-3, Appeal File (I-3 AF), Tab 27, Initial Decision.  Among other things, the settlement agreement required that the agency pay a lump sum of $35,000 in exchange for the appellant's voluntary resignation, effective no later than August 7, 2010.  I-3 AF, Tab 26 at 4-6.

¶3        In January 2014, the appellant filed a petition for enforcement of the settlement agreement.  *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-C-1, Compliance File (CF), Tab 1.  The administrative judge denied the petition for enforcement, finding that the appellant failed to

prove noncompliance. CF, Tab 14, Compliance Initial Decision. The Board reversed, finding the agency in noncompliance regarding health insurance premiums and associated wage garnishments. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-C-1, Order (C-1 Order), ¶¶ 5-10 (June 18, 2015).[2] As a result, the Board ordered the agency to cancel the appellant's debts from health insurance premiums and reimburse her any wage garnishments collected after August 5, 2010. *Id.*, ¶ 16. The agency responded by submitting evidence that it both cancelled the appellant's $2,929.29 debt and reimbursed her wage garnishments of $2,998.71, after which the Board found the agency in compliance. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-X-1, Tab 24, Final Order (X-1 Final Order) (Jan. 21, 2016).[3]

¶4      The appellant appealed the Board's decision to the U.S. Court of Appeals for the Federal Circuit, where our reviewing court affirmed in part, but remanded for further consideration of one issue. *Melton v. Department of the Army*, 664 F. App'x 909 (Fed. Cir. 2016). The court explained that the record included a post-settlement earnings statement showing that $1,019.89 was deducted for a pre-settlement debt, and that amount appeared to be owed to the appellant. *Id.* at 913-14. Because the Board had not yet addressed that $1,019.89 deduction, the court did not draw a final conclusion, but did remand for the Board to do so. *Id.* at 915. Specifically, the court concluded, "We affirm the Board's decision with one exception: We vacate the decision to the extent that it denies a further refund of $1,019.89, and we remand for consideration of that issue."[4] *Id.*

---

[2] Although the appellant presented other allegations, including one concerning her former representative and another concerning whistleblower reprisal, the Board found them immaterial or waived as a result of her settlement agreement. C-1 Order, ¶¶ 11-15.

[3] The appellant again raised various other matters, but the Board declined to address them because they were unrelated to the compliance issues in the instant appeal. X-1 Final Order, ¶ 2 n.2.

[4] Although the appellant once again raised other issues, such as the validity of the settlement agreement, the agency's failure to rehire her, and whistleblower retaliation,

¶5      On remand from the court, the agency simply paid the appellant the $1,019.89 identified, and the administrative judge dismissed the matter as moot. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-M-1, Remand File (RF), Tab 19 at 4-5, Tab 26 at 4-5, Tab 27, Remand Initial Decision (RID). The administrative judge found that, while the appellant presented allegations of other damages and wrongdoing, those matters were beyond the scope of the court's remand. RID at 3. The appellant has filed a petition for review, along with several supplements. *Melton v. Department of the Army*, MSPB Docket No. CH-0752-09-0448-M-1, Remand Petition for Review (RPFR) File, Tabs 1-9. The agency has filed a response. RPFR File, Tab 11. The appellant has filed a reply with several additional supplements.[5] RPFR File, Tabs 13-19.

¶6      In the instant case, there is no dispute that the agency paid the appellant the $1,019.89 identified by our reviewing court. RF, Tab 19 at 4-5, Tab 26 at 4-5. Nevertheless, the appellant alleges other damages and improprieties. RPFR File, Tab 1. For example, she appears to assert that the agency improperly withheld a separate $1,053.22 from her final paycheck. *Id.* at 7-8. She also appears to assert that the agency should have but failed to compensate her for leave balances upon her separation. *Id.* at 8-9. In addition, the appellant argues that the agency has forged documents and engaged in retaliation, defamation, and libel. *E.g.*, *id.* at 5, 9-10.

¶7      A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Hess v. U.S. Postal*

---

the court found them without merit or outside the scope of its proceedings. *Melton*, 664 F. App'x at 912-15.

[5] The appellant also filed a motion to strike the agency's response as untimely. RPFR File, Tab 12. That motion is denied because the agency's response is, in fact, timely. The Board's acknowledgement order specifically identifies the agency's deadline as September 8, 2017, and the agency filed its response on that date. RPFR File, Tabs 10-11.

*Service*, 124 M.S.P.R. 40, ¶ 8 (2016). An appeal will be dismissed as moot if, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant. *Id.* Mootness can arise at any stage of litigation, and a compliance proceeding will be dismissed as moot when, inter alia, there is no further relief the Board can grant. *See Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 13 (2014) (dismissing an appellant's petition for enforcement as moot when an agency ultimately complied with a settlement agreement provision and there was no further meaningful relief that the Board could provide); *Bables v. Department of the Army*, 86 M.S.P.R. 171, ¶¶ 19-20 (2000) (same).

¶8        Because the agency provided the $1,019.89 identified by the court's remand as potentially owed to her, we agree with the administrative judge's determination that this case is now moot. We will not consider the appellant's allegations of other improprieties, some of which previously were raised and rejected, because they all exceed the scope of the court's remand order. *Melton*, 664 F. App'x at 915; C-1 Order, ¶¶ 11-14; X-1 Final Order, ¶ 2 & n.2; *see, e.g.*, *Zelenka v. Office of Personnel Management*, 110 M.S.P.R. 205, ¶ 15 n.3 (2008) (refusing to address an appellant's arguments that exceeded the scope of the issues to be addressed on remand), *rev'd on other grounds*, 361 F. App'x 138 (Fed. Cir. 2010); *Umshler v. Department of the Interior*, 55 M.S.P.R. 593, 597 (1992) (finding that an administrative judge properly limited the scope of remand proceedings, consistent with the Federal Circuit's remand order), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993) (Table).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.