# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCUS COLICELLI,<br>    Appellant, | DOCKET NUMBER<br>DC-4324-19-0769-M-1 |
|   v. | |
| DEPARTMENT OF VETERANS<br> AFFAIRS,<br>    Agency. | DATE: August 22, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brian J. Lawler</u>, Esquire, San Diego, California, for the appellant.

<u>Michael Potter</u>, Esquire, Providence, Rhode Island, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1  The agency has filed a petition for review of the remand initial decision, which granted the appellant's request for corrective action in his Uniformed Services Employment and Reemployment Rights Act (USERRA) appeal. For the reasons discussed below, we GRANT the agency's petition for review, REVERSE

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge's grant of corrective action in the form of 66 workdays of additional military leave, and DENY the appellant corrective action in that regard. We AFFIRM the remand initial decision regarding the administrative judge's denial of the agency's challenge to the separate grant of corrective action in *Colicelli v. Department of Veterans Affairs*, MSPB Docket No. DC-4324-19-0769-I-1, concerning the appellant's entitlement to differential pay.

## BACKGROUND

¶2      At all relevant times, the appellant was an agency attorney who also served as a Judge Advocate in the U.S. Army Reserves. *Colicelli v. Department of Veterans Affairs*, MSPB Docket No. DC-4324-19-0769-I-1, Initial Appeal File (IAF), Tab 14 at 7, 20-21. From October 2016 to February 2017, he was ordered to active duty to attend military training for newly appointed Judge Advocates at Fort Benning, Georgia, and Charlottesville, Virginia. *Id.* at 5, 7, 20. From March to September 2018, he again was ordered to active duty, this time to serve as a Trial Defense Counsel at Fort Meade, Maryland. IAF, Tab 14 at 11, 20. The appellant served both periods under 10 U.S.C. § 12301(d), which provides for voluntary active duty of reservists. *Id.* at 5, 11; *see Kluge v. Department of Homeland Security*, 60 F.4th 1361, 1363 (Fed. Cir. 2023).

¶3      Based on his active duty service, the appellant requested the agency provide him differential pay under 5 U.S.C. § 5538(a)[2] and 22 days of additional paid military leave under 5 U.S.C. § 6323(b) for each of calendar years 2016, 2017,

---

[2] Under 5 U.S.C. § 5538(a), Federal employees who are absent from civilian positions due to certain military responsibilities may qualify to receive the difference between their military pay and what they would have been paid in their civilian employment during the time of their absence. This entitlement is referred to as differential pay. *Adams v. Department of Homeland Security*, 3 F.4th 1375, 1377 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 2835 (2022).

and 2018.[3] *Colicelli v. Department of Veterans Affairs*, MSPB Docket No. DC-4324-19-0769-M-1, Appeal File (M-1 AF), Tab 6 at 152, Tab 11.  After the agency denied these requests, the appellant filed a Board appeal alleging that the denials violated USERRA, specifically 38 U.S.C. § 4311.  IAF, Tab 1, Tab 14 at 17-18.

¶4  Following the appellant's withdrawal of his hearing request, the administrative judge issued an initial decision granting in part and denying in part the appellant's request for corrective action.  IAF, Tab 21, Initial Decision (ID).  Based on his interpretation of the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *O'Farrell v. Department of Defense*, 882 F.3d 1080 (Fed. Cir. 2018), the administrative judge granted the appellant's request for differential pay, finding that he qualified for such pay because he was ordered to active duty to serve in a "contingency operation" as defined in 10 U.S.C. § 101(a)(13).  ID at 7-12.  The administrative judge then denied the appellant his request for additional military leave, finding that, although *O'Farrell* also supported that request, the appellant did not timely request such leave from the agency.  ID at 4, 12-14.  Neither party petitioned the Board for review of the initial decision, which thus became the Board's final decision.  5 C.F.R. § 1201.113.

¶5  The appellant appealed the initial decision to the Federal Circuit, to which he asserted that the agency failed to produce in its response to his appeal emails indicating that he timely requested additional military leave.  *Colicelli v. Department of Veterans Affairs*, No. 2020-2048, 2021 WL 6112979 at *1-2 (Fed. Cir. Dec. 27, 2021) (per curiam).  Based on this undisputed assertion, the Federal Circuit vacated the portion of the initial decision denying corrective action and remanded the case for the administrative judge to order the production of the

[3] This was in addition to the 15 days of military leave for each of fiscal years 2017 and 2018 the appellant had been awarded under 5 U.S.C. § 6323(a).  IAF, Tab 14 at 20-21.

appellant's requests for additional military leave and re-determine whether the appellant was entitled to relief. *Id.* at \*2-3.

On remand, the parties stipulated that the appellant timely requested 22 days of additional paid military leave during each of calendar years 2016, 2017, and 2018. M-1 AF, Tab 11, Tab 12 at 7. After the appellant waived his right to a hearing on remand, M-1 AF, Tab 10 at 1, the administrative judge granted the appellant's request for 66 total workdays of additional military leave. M-1 AF, Tab 15, Remand Initial Decision (RID) at 4-5. This was in addition to the grant of differential pay in the previous initial decision, which the administrative judge observed was final and that the agency had paid the differential pay. RID at 5-6.

The agency filed a petition for review in which it argues, among other things, that the administrative judge misapplied *O'Farrell* and that the appellant was not ordered to serve "in support of a contingency operation" as required for additional military leave. Petition for Review (PFR) File, Tab 1 at 5, 8-18. The appellant filed a response, to which the agency replied. PFR File, Tabs 5-6.

## ANALYSIS

The appellant was not entitled to additional military leave under 5 U.S.C. § 6323(b).

In relevant part, 38 U.S.C. § 4311 provides that a person who performs or has performed military service shall not be denied any benefit of employment on the basis of that service. When the benefit in question is only available to members of the military, an employee making a claim under 38 U.S.C. § 4311 is only required to show that he was denied that benefit. *Adams v. Department of Homeland Security*, 3 F.4th 1375, 1377-78 (Fed. Cir. 2021), *cert. denied*, 142 S. Ct. 2835 (2022).

Under 5 U.S.C. § 6323(a), Federal employees who perform certain types of reserve military duty are entitled to 15 days of paid military leave per fiscal year. In addition to these 15 days, 5 U.S.C. § 6323(b) provides in relevant part that an

employee who, as a reservist in the armed forces, performs military service as a result of an order to active duty "in support of a contingency operation" as defined in 10 U.S.C. § 101(a)(13), is entitled, during and because of such service, to an additional 22 workdays of paid military leave per calendar year. In turn, 10 U.S.C. § 101(a)(13) defines "contingency operation," as relevant to this case, as a "military operation" that results in the order to active duty of members of the uniformed services under any law during a national emergency declared by the President.[4]

¶10 The record establishes that, for both periods of active duty for which he claimed additional military leave, the appellant was a U.S. Army reservist ordered to active duty under a provision of law, 10 U.S.C. § 12301(d), during a national emergency declared by the President. 83 Fed. Reg. 46067 (Sept. 10, 2018); 82 Fed. Reg. 43153 (Sept. 11, 2017); 81 Fed. Reg. 60579 (Aug. 30, 2016); IAF, Tab 14 at 5, 11. At issue in this case is thus whether the appellant served on active duty "in support of" a "military operation" which resulted in his orders. We find that he did not.

¶11 In *O'Farrell*, 882 F.3d at 1082-83, 1087, the Federal Circuit held that a U.S. Army reservist ordered to active duty under 10 U.S.C. § 12301(d) to replace a civilian who had, in his own capacity as a U.S. Army reservist, deployed to Afghanistan, was entitled to additional military leave. The Federal Circuit explained that the phrase "in support of" a contingency operation in 5 U.S.C. § 6323(b) included indirect support, and that by replacing an employee who directly supported a contingency operation through his deployment to Afghanistan, the petitioner was called to active duty "in support of" a contingency operation. *Id.* at 1086-87.

---

[4] The appellant did not claim, nor does he appear, to be entitled to corrective action under any other portion of 5 U.S.C. § 6323(b) or 10 U.S.C. § 101(a)(13).

¶12    The Federal Circuit made two additional points in *O'Farrell* important to this case: (1) that the phrase "military operation," as part of the definition of "contingency operation" in 10 U.S.C. § 101(a)(13), "[a]t the very least . . . includes engagement in open hostilities against the nation's enemies"; and (2) that its holding "[did] not mean that all reservists called to active duty during a national emergency will be entitled to additional leave. Instead, they must demonstrate that their call to active duty was 'in support of a contingency operation,' as properly construed." *Id.* at 1084 n.4, 1086 n.5. In the latter statement, it is clear that the Federal Circuit recognized a demarcation past which an asserted connection between an individual's order to active duty and a contingency operation is too tenuous to satisfy 5 U.S.C. § 6323(b).

¶13    Here, there is no indication in the record that either of the appellant's orders to active duty service was in direct support—or even in indirect support of the kind accepted in *O'Farrell*—of a military operation. In 2018, the appellant was ordered to active duty as a Trial Defense Counsel in the continental United States. IAF, Tab 14 at 11. In that capacity, there is no indication that he performed duties, which, save perhaps through some unspecific organizational connection recognized as insufficient in *O'Farrell*, supported "engagement in open hostilities against the nation's enemies." Further, unlike in *O'Farrell*, there is no indication that the appellant was ordered to active duty as a Trial Defense Counsel to replace an individual directly supporting a contingency operation. Likewise, there is no indication that the appellant's order to active duty to attend training for new Judge Advocates was itself "in support of a contingency operation." Even if it could be claimed that the training was provided to prepare the appellant for future service in support of a military operation, or that there was some other connection between the training and a military operation, nothing in the record demonstrates that the appellant's order to attend the training supported a contingency operation to the degree accepted in *O'Farrell* for entitlement to additional military leave. Thus, finding that the appellant's orders to active duty

were not "in support of a contingency operation" to qualify him for additional military leave, we reverse the administrative judge's grant of corrective action.

<u>The agency's challenge to the administrative judge's grant of differential pay exceeds the scope of the remand.</u>

¶14 Finally, on review, as it did on appeal, the agency challenges the administrative judge's prior initial decision granting the appellant corrective action concerning differential pay. PFR File, Tab 1 at 5, 8-13, 15-18; M-1 AF, Tab 12 at 8-12, 14-16. The administrative judge denied the challenge, finding the grant to be final. RID at 3, 5-6. The administrative judge's denial was appropriate because the challenge exceeded the scope of the Federal Circuit's remand, which was limited to the issue of additional military leave. *Colicelli*, No. 2020-2048, 2021 WL 6112979 at 2-3 & n.\*\*; *see, e.g.*, *Zelenka v. Office of Personnel Management*, 110 M.S.P.R. 205, ¶ 15 n.3 (2008) (refusing to address an appellant's argument that exceeded the scope of the issues to be addressed on remand), *rev'd on other grounds*, 361 F. App'x 138 (Fed. Cir. 2010); *Umshler v. Department of the Interior*, 55 M.S.P.R. 593, 597 (1992) (finding that an administrative judge properly limited the scope of remand proceedings consistent with the Federal Circuit's remand order), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993) (Table); 5 C.F.R. § 1201.113. The agency's arguments afford no basis to disturb this denial on review.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.