**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VERONICA MARQUAND,<br> Appellant, | DOCKET NUMBER<br>PH-0752-14-0636-B-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br> Agency. | DATE: December 14, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Veronica Marquand, Hamden, Connecticut, pro se.

Norman Thompson, Esquire, Baltimore, Maryland, for the agency.

Mark E. Stopa, Esquire, and Adam Janeczek, Esquire, East Hartford, Connecticut, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On September 27, 2010, the agency appointed the appellant to a GS-12 Contract Price/Cost Analyst position with the Defense Contract Management Agency (DCMA), Sikorsky Aircraft, in Stratford, Connecticut. *Marquand v. Department of Defense*, MSPB Docket No. PH-0752-14-0636-I-1, Initial Appeal File (IAF), Tab 57 at 56. This position falls within the DCMA's Acquisition, Technology, and Logistics (AT&L) Workforce. IAF, Tab 58 at 8. Effective March 28, 2014, the agency removed the appellant for failing to meet a condition of employment, namely, achieving Defense Acquisition Workforce Improvement Act (DAWIA) Level II Certification within 40 months of her entrance on duty. *Id.* at 25-36, 50-54.

¶3 The appellant filed a Board appeal, contesting the merits of her removal and raising affirmative defenses of harmful procedural error and violation of due process. IAF, Tabs 1, 14. She waived her right to a hearing. IAF, Tab 42. The administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 65, Initial Decision (ID) at 2, 52. She found that the agency proved its

charge, the appellant failed to prove her affirmative defenses, and the appellant's removal promoted the efficiency of the service.  ID at 4-52.

¶4      The appellant filed a petition for review, Petition for Review File, Tab 7, which the Board granted, *Marquand v. Department of Defense*, MSPB Docket No. PH-0752-14-0636-I-1, Remand Order (July 7, 2016).  The Board agreed with the administrative judge that the agency proved its charge and affirmed that portion of the initial decision as modified.  Remand Order, ¶ 1 n.2, ¶¶ 15-3.  However, the Board disagreed with one of the administrative judge's discovery rulings, so it remanded the appeal for further adjudication, to include permitting the appellant additional discovery about the agency's treatment of other employees who failed to meet a condition of employment.  Remand Order, ¶¶ 31-41.

¶5      After further proceedings on remand, the administrative judge issued a new initial decision again sustaining the appellant's removal.  *Marquand v. Department of Defense*, MSPB Docket No. PH-0752-14-0636-B-1, Remand Appeal File (RAF), Tab 52, Remand Initial Decision (RID).  She found that the agency did not unjustifiably treat the appellant any differently than any similarly situated employees and that removal was a reasonable penalty.  RID at 7-11.  The administrative judge further found that the appellant failed to prove a due process violation in connection with the comparator evidence submitted on remand.  RID at 11-13.

¶6      The appellant has filed a petition for review of the remand initial decision and a supplemental petition for review.  *Marquand v. Department of Defense*, MSPB Docket No. PH-0752-14-0636-B-1, Remand Petition for Review (RPFR) File, Tabs 6, 10.  The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response.  RPFR File, Tabs 12-13.

## ANALYSIS

The appellant's motion for leave to submit additional briefing is denied.

After the close of the record on review, the appellant requested "leave to reference and apply" precedent that has been issued by the Board and the U.S. Court of Appeals for the Federal Circuit during the pendency of the petition for review. RPFR File, Tab 28. We have considered the appellant's pleading, but we find that the decisions that she cites would be immaterial to the outcome of this appeal. We therefore deny the appellant's motion. *See* 5 C.F.R. § 1201.114(k). Notwithstanding this ruling, in arriving at our decision, to the extent that there have been relevant developments in the case law after the remand initial decision was issued, we have considered them in arriving at our decision.

The scope of the issues before the Board on remand was limited to the issues discussed in the Remand Order.

On review, the appellant asserts that she is renewing all of the arguments she has made throughout her appeal. RPFR File, Tab 6 at 4. Pursuant to the Board's Remand Order, however, the issues before the Board on remand were limited to the penalty analysis and a related due process issue. Remand Order, ¶ 40. We therefore do not address the appellant's arguments regarding issues that are beyond the scope of the Board's Remand Order. *See Zelenka v. Office of Personnel Management*, 110 M.S.P.R. 205, ¶ 15 n.3 (2008) (declining to address the appellant's arguments because they exceeded the scope of the issues to be addressed on remand), *rev'd on other grounds*, 361 F. App'x 138 (Fed. Cir. 2010).

The agency did not violate the appellant's right to due process.

On review, the appellant argues that the agency violated her due process rights when the deciding official considered aggravating penalty factors that were not contained in the proposal notice. RPFR File, Tab 6 at 5-7. For a tenured public employee facing removal from her position, minimum due process requires prior notice and an opportunity to respond. *Cleveland Board of Education v.*

*Loudermill,* 470 U.S. 532, 546 (1985). An agency violates an employee's due process rights when the deciding official relies upon new and material ex parte information as a basis for his decision. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999). In *Ward*, the court held that, if an employee has not been given "notice of any aggravating factors supporting an enhanced penalty," an ex parte communication with the deciding official regarding such factors may constitute a due process violation. *Ward*, 634 F.3d at 1280. Consistent with *Ward*, the Board has held that, when a deciding official considers aggravating factors that were not included in the proposal notice, the appellant is no longer on notice of portions of the evidence relied upon by the agency in imposing the penalty, resulting in a possible violation of her right to due process. *See Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 8 (2011).

¶10    Nevertheless, not all ex parte communications rise to the level of due process violations; rather, only ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice. *Ward*, 634 F.3d at 1279; *Stone*, 179 F.3d at 1376-77; *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 8 (2012). Ultimately, the inquiry is whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances. *Ward*, 634 F.3d at 1279; *Stone*, 179 F.3d at 1377; *Solis*, 117 M.S.P.R. 458, ¶ 8.

¶11    In analyzing the penalty factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the deciding official referred to "the need for employees similarly situated to meet the condition of employment." IAF, Tab 57 at 35. In its Remand Order, the Board directed the administrative judge to address the appellant's due process claim related to these "similarly situated" but unidentified employees. Remand Order, ¶ 39. The Board found that further discovery regarding potential comparators might yield relevant evidence

regarding that claim.  *Id.*  On remand, the agency submitted a declaration from the deciding official, in which he stated that he "did not consider any other specific employee but considered that allowing an employee not to meet a condition of employment in the manner that occurred here would prospectively cause other employees to believe they did not have to meet the condition of employment." RAF, Tab 45 at 65.  In light of this unrebutted evidence, the administrative judge found that the appellant did not prove a due process violation.  RID at 13 (citing *Norris v. Securities and Exchange Commission*, 675 F.3d 1349, 1353-54 (Fed. Cir. 2012) (finding no due process violation when the deciding official testified that the information in question played no role in her consideration of the *Douglas* factors or her ultimate decision to remove the appellant)).  We agree with the administrative judge's analysis.

The appellant is not entitled to additional discovery.

¶12        On remand, the chief issue in terms of penalty was whether the agency treated the appellant more harshly than it treated other similarly situated employees.  Remand Order, ¶ 40.  As directed by the Board, the administrative judge permitted the appellant's discovery request for the disciplinary records of all DCMA AT&L employees who were charged with the same or similar offenses for the 5-year period preceding her removal.  Remand Order, ¶ 40; RAF, Tab 2 at 2.  The agency provided the appellant this information, but only from July 8, 2012, onward (approximately 21 months prior to the appellant's removal).  The agency explained that employee disciplinary records predating July 8, 2012, had been destroyed pursuant to its records retention schedule.  RAF, Tab 22 at 18-20. The appellant filed a motion to compel, but the administrative judge denied it, finding that the agency had already provided all of the responsive information within its possession.[2]  RAF, Tab 21 at 4, Tab 23, Tab 26 at 2-3.

---

[2]  The appellant's motion extended to other information that the agency destroyed pursuant to its records retention schedule, and the administrative judge denied those portions of the appellant's motion for the same reason.  RAF, Tab 2 at 2, Tabs 23, 26.

¶13    On review, the appellant argues that, by denying her motion to compel, the administrative judge effectively limited discovery about comparators to a 2-year period, rather than the 5-year period specified by the Board. RPFR File, Tab 6 at 17-19. However, we agree with the administrative judge's decision not to order the agency to produce information that was no longer in its possession.[3] RAF, Tabs 23, 26. As the administrative judge explained, pursuant to the DCMA records retention schedule, employee disciplinary records are not permanent records and must be destroyed between 4 and 7 years after they are created. RAF, Tab 22 at 53, 108, Tab 26 at 2-3. Furthermore, the agency submitted unrebutted evidence to show that the records in question were actually destroyed after 4 years. RAF, Tab 22 at 132-34; *cf. Abbott v. U.S. Postal Service*, 27 M.S.P.R. 442, 445 n.3 ("The agency has not specifically alleged that records beyond three years have been destroyed pursuant to its record retention guidelines.").

¶14    We see nothing improper with the agency's records retention schedule and no indication that the agency destroyed the records knowing that they would be subject to discovery in the instant appeal. *See Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (holding that an adverse inference for spoliation of evidence requires proof that evidence was destroyed "with a culpable state of mind" and that it was "relevant to the party's claim or defense"). Therefore, to the extent that the appellant is seeking an adverse inference or other sanction against the agency, we find that no sanction is warranted.

¶15    The appellant also appears to contest the Board's prior ruling that she should be able to discover the disciplinary records of similarly situated DCMA

_____

[3] On November 27, 2018, the appellant filed a motion requesting leave to issue subpoenas to obtain evidence that she claims was "wrongly denied" during discovery. RPFR File, Tab 18 at 4. In support of her motion, the appellant argues that the requested subpoenas are necessary because the administrative judge abused her discretion in denying the appellant's motion to compel. For the reasons discussed above, however, we find that the administrative judge did not abuse her discretion regarding discovery. Therefore, we deny the appellant's motion.

AT&L employees; she argues that the Board should have expanded the scope of discovery to the entire Department of Defense acquisition workforce. RPFR File, Tab 6 at 17-19. However, the Board will not reconsider issues that have already been decided in an appeal unless there is new and material evidence, controlling authority has made a contrary decision of law, or the prior decision was clearly erroneous and would work a manifest injustice. *O'Connell v. Department of the Navy*, 73 M.S.P.R. 235, 240 (1997). We find that none of these circumstances are present here, and we therefore decline to revisit the Board's previous ruling on the scope of discovery. This is particularly so in light of the Board's intervening decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13, in which it held that the universe of potential comparators may, depending on the circumstances, be limited to other employees in the same work unit as the appellant.[4]

<u>The administrative judge correctly found that removal is a reasonable penalty.</u>

¶16    When the agency's charge is sustained, as in this case, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 7 (2010). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty clearly exceeds the bounds of reasonableness. *Id.* The deciding official need not show that he considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that

---

[4] To the extent that the appellant argues that the administrative judge should have certified some discovery issues for interlocutory review, RPFR File, Tab 6 at 24 n.14, we find that the issue is now moot. *See Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 11 n.3 (2013).

he considered any specific, relevant mitigating factors before deciding on a penalty. *Batara v. Department of the Navy,* 123 M.S.P.R. 278, ¶ 5 (2016).

¶17 The Board has held that, in an adverse action resulting from an employee's failure to maintain a condition of employment, the most relevant *Douglas* factors generally are (1) the nature of the offense; (2) its effect on an appellant's performance of the job; and (3) the availability and effect of alternative sanctions. *Penland,* 115 M.S.P.R. 474, ¶ 8. Regarding the first two factors, the deciding official considered that the appellant was required to achieve Level II Certification in Contracting because she occupied an acquisition position and that her failure to do so disqualified her from membership in the Acquisition Corps. IAF, Tab 46 at 17-18. He also considered that the appellant's failure to achieve Level II Certification resulted in a lack of professional development that diminished her ability to serve in an acquisition position. IAF, Tab 57 at 34.

¶18 As for the availability and effectiveness of alternative sanctions, the record indicates that the deciding official did not seek a waiver of the deadline for obtaining the required certification due to the appellant twice cancelling courses she was scheduled to take and her lack of cooperation when the agency attempted to ensure her compliance with the certification requirement. *Id.* at 33-34. Further, the deciding official sought to place the appellant in a non-acquisition position as an alternative to removal; however, no such positions were available at Sikorsky. IAF, Tab 46 at 21, Tab 57 at 36.

¶19 As explained above, the parties in this case also filed extensive evidence and argument concerning the consistency of the penalty with those previously imposed on other employees for the same or similar offenses. In her initial decision, the administrative judge considered evidence pertaining to 11 other DCMA AT&L employees who failed to attain a required DAWIA certification, but she found that none of them were similarly situated to the appellant for purposes of the penalty analysis. RID at 9-10. She further found that, even if the agency had treated the appellant more harshly than another similarly situated

employee, considering the *Douglas* factors as a whole, removal was still a reasonable penalty. RID at 10 n.8.

¶20 On petition for review, the appellant argues that, regarding this *Douglas* factor, the administrative judge incorrectly placed the burden of proof on her. RPFR File, Tab 6 at 9-11. However, we find that, regardless of the language that the administrative judge used to describe her analysis of this issue, the record is fully developed, and the appellant's substantive rights have not been prejudiced. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The record shows that, of the 11 DCMA AT&L employees who failed to attain a required DAWIA certification, 3 of them were removed, 2 retired or resigned before receiving a final decision on a proposed removal, 3 were downgraded to vacant positions that did not require DAWIA Certification, and 3 received proposed downgrades to such positions. RID at 9; RAF, Tab 22 at 133. We find that this evidence shows that the agency's treatment of the appellant was consistent with its treatment of other employees who failed to attain a DAWIA certification. Removal is the standard penalty in such cases when, as here, there are no non-acquisition positions available to which the employee could be demoted or reassigned.

¶21 For these reasons, we agree with the administrative judge that the deciding official properly considered the relevant *Douglas* factors and that removal did not exceed the bounds of reasonableness. RID at 10-11; ID at 52.

The appellant has not shown that the administrative judge was biased.

¶22 Finally, the appellant raises a claim of adjudicatory bias on review. RPFR File, Tab 6 at 13-14, 23 n.3. She alleges that, throughout the appeal, the administrative judge has "spoken on behalf of" and demonstrated a bias for the agency, and has not acted reasonably. *Id*. at 13. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative

judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, do not rise to this level.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** <u>**Judicial or EEOC review of cases involving a claim of discrimination**</u>. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:        _____
                      Jennifer Everling
                      Acting Clerk of the Board

Washington, D.C.